UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, CDCR #V-34099,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>K. ALLISON, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  23-cv-1088-DMS-DEB<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**(ECF No. 2)** |

　　　　Plaintiff John Wesley Williams, proceeding pro se and incarcerated at Richard J. Donovan Correctional Facility ("RJD"), has filed a civil rights action pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.) Williams is a frequent litigator in California's district courts, and in his current pleading alleges that he was subjected to unconstitutional conditions of confinement in December of 2022 and January of 2023 while housed at RJD. (*See id. generally*.)

　　　　Williams did not pay the filing fee required to commence a new civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)  However, because Williams has had far more than three civil actions or

appeals dismissed as frivolous or for failure to state a claim upon which relief can be granted in the past, and does not allege facts to plausibly demonstrate imminent danger of serious physical injury at the time he filed his Complaint in this action, the Court **DENIES** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** his case without prejudice. Williams may still prosecute the claims alleged in this action—but to do so he must tender a new Complaint to the Clerk of the Court together with the full $402 civil filing fee 28 U.S.C. § 1914(a) requires.

## MOTION TO PROCEED IFP

### I. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Williams, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in monthly installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535–36 (2015). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *Coleman*, 575 U.S. at 534. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also*

*Coleman,* 575 U.S. at 535 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  "A strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal." *Lomax v. Ortiz-Marquez*, __ U.S. __, 140 S. Ct. 1721, 1724–25 (2020).

**II.    Section 1915(g) Bar**

Pursuant to Federal Rule of Evidence 201(c)(1), and based on a thorough review of federal court docket proceedings publicly available on PACER,[1] this Court finds that Plaintiff John Wesley Williams, identified as CDCR Inmate #V-34099, while incarcerated, has had seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)    *Williams v. Narramore, et al.*, Civil Case No. 2:03-cv-01972-UA-AJW (C.D. Cal., West. Div., July 25, 2003 Order denying IFP and dismissing case for "failure

---

[1] A court may take judicial notice of its own records.  *See Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

to state a claim on which relief can be granted" pursuant to 28 U.S.C. § 1915(e) [ECF No. 6]) (strike one);

2) *Williams v. Gonzer*, Civil Case No. 2:04-cv-08941-UA-AJW (C.D. Cal., West. Div., Nov. 22, 2004 Order denying IFP and dismissing case for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1)) [ECF No. 2]) (strike two);

3) *Williams v. Young*, Civil Case No. 2:08-cv-01737-WBS-CMK (E.D. Cal., June 4, 2010 Findings and Recommendations ["F&R"] to dismiss Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), (2) [ECF No. 55]), (E.D. Cal. June 29, 2010 (Order adopting F&R and dismissing case) [ECF No. 57]  (strike three);

4) *Williams v. Hubbard, et al.*, Civil Case No. 2:10-cv-01717-UA-FFM (C.D. Cal., West. Div., July 6, 2010 Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted." [ECF No. 3]) (strike four);

5) *Williams v. Hubbard, et al.*, Ninth Circuit Appeal No. 10-56230 (Nov. 4, 2010 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous.") [DktEntry 6]); (Dec. 8, 2010 Order dismissing appeal for failure to prosecute) [DktEntry 7])[2] (strike five);

6) *Williams v. Harrington, et al.*, Civil Case No. 1:09-cv-01823-GSA (E.D. Cal. May 25, 2012 Order dismissing civil action with prejudice for failure to state a claim upon which relief may be granted under section 1983 pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) [ECF No. 29]) (strike six); and

7) *Williams v. Soto, et al.*, Ninth Circuit Appeal No. 14-15524 (May 14, 2014 Order denying appellant's motion to proceed IFP "because we find that the appeal

---

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

is frivolous.") [DktEntry 7]); (June 6, 2014 Order dismissing appeal for failure to prosecute) [Dkt Entry 9]) (strike seven).[3]

Accordingly, because Williams has accumulated more than three "strikes" permitted by § 1915(g), he must make plausible allegations of imminent danger at the time he filed his Complaint; otherwise, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Imminent Danger Exception

Once a prisoner has accumulated three strikes, Section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

Lest the exception "swallow the rule," the Ninth Circuit also "requires a nexus between he imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious

---

[3] The Court notes Williams has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, and had his IFP status revoked in the Northern and Central Districts of California as well. *See Williams v. Neotti, et al.*, Civil Case No. 3:10-cv-02672-H-BGS (S.D. Cal. Jan. 12, 2011) (ECF No. 3); *Williams v. Soto, et al.*, Civil Case No. 4:12-cv-03583-YGR (PR) (N.D. Cal. March 7, 2014) (ECF No. 36); *Williams v. Moore, et al.*, Civil Case No. 2:13-cv-09522-PSG-FFM (C.D. Cal., West. Div., March 10, 2015) (R&R to deny IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 58]); (C.D. Cal. West. Div. May 4, 2015) (Order adopting R&R [ECF No. 60]); and *Williams v. Soto*, Civil Case No. 2:15-cv-01294-PSG-FFM (C.D. Cal., West. Div., Feb. 27, 2015 Order denying IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 5].

physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.*

In Williams' Complaint, he describes unsanitary conditions of confinement in December of 2022 and January of 2023. He does not allege that these conditions still exist at the time he filed this action on June 6, 2023. Thus, based on the allegations sworn in his Complaint, the Court finds Williams has failed to demonstrate he is entitled to Section 1915(g)'s "imminent danger" exception. *See Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## CONCLUSION

Accordingly, the Court **DENIES** Williams's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g), **DISMISSES** this civil action without prejudice based on Williams's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a), **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  June 27, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court